UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE MCCLELLON, | CASE NO. C18-0851-JCC |
| Plaintiff, | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 10) and Plaintiff's motion to remand (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion to dismiss (Dkt. No. 10) and DENIES Plaintiff's motion to remand (Dkt. No. 17) for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff Donte McClellon ("McClellon") alleges that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") negligently mismanaged his funds, which prevented him from purchasing 14,829.46 Ethereum.[1] (Dkt. No. 1-2 at 1.) Before filing this action, McClellon submitted his claims to arbitration. (Dkt. No. 11 at 5–7.) In arbitration, McClellon sued Wells Fargo for

---

[1] Ethereum is a cryptocurrency. (Dkt. No. 10 at 3.)

negligence, breach of contract, and violation of Regulation E and Regulation Z because Wells Fargo failed to prevent a series of fraudulent transactions from McClellon's checking accounts. (*Id*. at 30.) McClellon also alleged that this failure prevented him from purchasing 14,829.46 Ethereum. (*Id*. at 34, 36.) McClellon requested damages of 14,829.46 Ethereum and $349,000. (*Id*. at 36.) The arbitrator dismissed McClellon's claim with prejudice because he could not prove damages. (*Id*. at 6.) The arbitrator also found that "some, if not all" of McClellon's evidence was fraudulent. (*Id*.)

Before the arbitrator issued a final judgment, McClellon sued Wells Fargo in King County Superior Court. (Dkt. No. 1-2.) In his complaint, McClellon makes the following allegations against Wells Fargo:

> This is an action under the Uniform Commercial Code (4.2.005 to 925) and Washington Consumer Protection Act, RCW 19.86.020, based upon Defendant's blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds without Plaintiff's authorization.
>
> Plaintiff further allege that the Defendant violated the Washington State Securities Act, Regulation E and committed the tort of negligence in handling of Plaintiff's funds. The Plaintiff seeks compensatory damages and all other damages (i.e., direct and consequential damages) allowed by law, and payment of costs and attorneys' fees.

(*Id.* at 1.) McClellon also alleged that Wells Fargo's action prevented him from purchasing 14,829.46 Ethereum. (*Id.* at 3). On June 12, 2018, Wells Fargo removed the case to this Court. (Dkt. No. 1 at 2.) Wells Fargo moved to dismiss based on *res judicata*, asserting that the claims were already resolved in arbitration. (Dkt. No. 10 at 1.) In response, McClellon filed a motion to remand (Dkt. No. 17).

## II. DISCUSSION

### A. McClellon's Motion to Remand

1. Legal Standard

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the

ORDER
C18-0851-JCC
PAGE - 2

action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject-matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### 2. Analysis

McClellon asserts that this Court lacks subject matter jurisdiction over his claims because there is not a complete diversity of citizenship, the amount in controversy requirement is not met, and none of the claims raise a federal question. (Dkt. No. 17 at 1–4.)

The Court finds that it has diversity jurisdiction pursuant to 28 U.S.C. section 1332. McClellon is a citizen of Washington, and Wells Fargo, as a national bank, is a citizen of the state where its main office is located: South Dakota. (*See* Dkt. Nos. 1 at 2, 1-2 at 1); s*ee* 28 U.S.C. § 1348; *Rouse v. Wachovia Mortg.*, *FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("[U]nder § 1348, a national banking association is a citizen only of the state in which its main office is located.") Thus, there is complete diversity between the parties.

The amount in controversy requirement is also met even though McClellon's complaint does not specify the amount sought. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In determining the amount in controversy, district courts may consider "facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Id*. (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Although McClellon's complaint does not explicitly state the total damages sought, it does state that Wells Fargo's negligence prevented him from purchasing 14,829.46 Ethereum. (Dkt. No. 1 at 3.) Wells Fargo represents that McClellon attested at arbitration that the Ethereum

was worth at least $300,000 in March 2017, when the alleged transactions occurred.[2] (Dkt. No. 1-2 at 3.) The Court finds that Wells Fargo has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. section 1332. Plaintiff's motion to remand is DENIED.

### B. Defendant's Motion to Dismiss

1. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). A dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Typically, the Court looks only at the face of the complaint to decide a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, at any stage of the proceeding, the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot

---

[2] The Court notes the Ethereum is worth nearly $7,000,000 today. ETH/USD – Ethereum US Dollar. INVESTING.COM, https://www.investing.com/crypto/ethereum/eth-usd-converter (enter 14,829.46 into the "Ethereum" field) (July 27, 2018).

reasonably be questioned. Fed. R. Evid. 201(b)(2),(d). Accordingly, courts may judicially notice an arbitration decision where its authenticity cannot be reasonably questioned. *See id.*; *Fairbank v. Underwood,* 986 F. Supp. 2d 1222, 1226 (D. Or. 2013) (taking judicial notice of an arbitration award by a for-profit arbitration company); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) (taking judicial notice of an arbitration before an Administrative Law Judge).

2. Analysis

Wells Fargo asserts that *res judicata* bars McClellon's claims from being relitigated. In Washington, "[f]iling two separate lawsuits based on the same event . . . is precluded[.]" *Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009). The doctrine of *res judicata* requires identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4) quality of parties. *Karlberg v. Otten*, 280 P.3d 1123, 1130 (Wash. Ct. App. 2012). *Res judicata* also requires a final judgment on the merits. *Id.* This doctrine "applies to every point which properly belonged to the subject of [prior] litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995).

The Court finds that the persons and parties and the quality of parties are identical in the arbitration and the instant lawsuit. *See Codispoti*, 63 F.3d at 867. Both suits involve McClellon as the plaintiff and Wells Fargo as the defendant.

The Court also determines that McClellon's claims involve the same cause of action and the same subject matter as the arbitration. *See Landry v. Luscher*, 95 Wn. App. 779, 785 (Wash. 1999) (recognizing that the subject matter prong is similar to the cause of action prong and that "the critical factors for subject matter are the nature of the claim or cause of action and the parties.") To determine whether causes of action are identical, Washington courts consider whether the two suits arise from the same transactional nucleus of facts. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982) *cert. denied*, 459 U.S. 1087 (1982).

Although McClellon's complaint is factually sparse, in both this action and the arbitration he alleges that Wells Fargo's negligence prevented him from purchasing 14,289.46 Ethereum on March 3, 2017. (*Compare* Dkt. No. 1-2 at 1, *with* Dkt. No. 11 at 31.) He also requests the same relief. (*Compare* Dkt. No. 1-2 at 3, *with* Dkt. No. 11 at 36.) Finally, McClellon's response to Wells Fargo's motion to dismiss does not contradict Wells Fargo's assertion that the arbitration and this suit arise from an identical nucleus of fact. (*See* Dkt. No. 17.) These factors lead the Court to conclude that the cause of action and subject matter prongs of *res judicata* are satisfied.

Finally, the Court must address whether the arbitration qualifies as a final judgment on the merits. The Ninth Circuit has recognized that arbitration decisions can have a "*res judicata* or collateral estoppel effect." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by prior judgment." *Id.* When applying *res judicata* to an arbitration proceeding, the court examines "the record, if one exits, including any findings of the arbitrators." *Id.* The court must then decide "whether a rational factfinder could have reached a conclusion based upon an issue other than that which the defendant seeks to foreclose." *Id.* "When the issue for which preclusion is sought is the only rational one the [arbitrator] could have found, then that issue is considered foreclosed, even if no explicit finding on that issue has been made" *Id.*

The Court finds that the arbitration qualifies as a final judgment. (*See* Dkt. No. 11 at 32–34.) An examination of the arbitration complaint and the arbitrator's findings leads the Court to conclude that the arbitrator addressed the issues that McClellon raises in the instant suit when he resolved the arbitration dispute. (*Compare* Dkt. No. 11 at 6, *with* Dkt. No. 11 at 30–36.) In addition, McClellon does not challenge the finality of the arbitration judgment. (*See* Dkt. No. 17.) Rather, he contends that the arbitration was invalid because three of his companies allegedly affected by Wells Fargo were not parties to the proceedings. (*Id*. at 4.) He also disputes the arbitrator's conclusion that some of his evidence was fraudulent. (*Id*. at 5.)

McClellon's arguments collaterally attack the legitimacy of the arbitration. The Ninth

Circuit has disapproved of such attacks on arbitration proceedings. *See Sander v. Weyerhauser Co.*, 966 F.2d 501, 503 (9th Cir. 1992) (describing the Circuit Court's unwillingness to "upset the streamlined nature of arbitration by permitting . . . collateral attacks"). Furthermore, the fact that three of McClellon's companies were not a party to the arbitration is irrelevant; they are not a party to this lawsuit either. (*See* Dkt. No. 1-2.) For these reasons, the Court finds that the arbitration was a valid final judgment.

The Court finds that each element of *res judicata* is satisfied and therefore holds that McClellon's instant lawsuit is barred by *res judicata*. Accordingly, McClellon's complaint is DISMISSED with prejudice.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 17) is DENIED. Defendant's motion to dismiss (Dkt. No. 10) is GRANTED and Plaintiff's complaint is DISMISSED with prejudice and without leave to amend. The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 31st day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE